**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| LOIS BUSINESS DEVELOPMENT ) | |
| CORPORATION,[1] ) | Case No. 22-90267 (MI) |
| ) | |
| Reorganized Debtor. ) | (Formerly Jointly Administered Under Lead Case |
| ) | Cineworld Group plc, Case No. 22-90168) |

**CINEWORLD LITIGATION TRUST'S
FIFTH OMNIBUS OBJECTION TO CLAIMS PURSUANT
TO SECTION 502(b) OF THE BANKRUPTCY CODE AND
RULE 3007 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE SEEKING TO DISALLOW MULTI-DEBTOR DUPLICATE
CLAIMS FILED AGAINST INCORRECT DEBTOR CINEWORLD GROUP PLC**

**THIS IS AN OBJECTION TO YOUR CLAIM. THIS OBJECTION ASKS THE COURT TO DISALLOW THE CLAIM(S) THAT YOU FILED IN THIS BANKRUPTCY CASE. IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED WITHOUT A HEARING.**

**THIS OBJECTION SEEKS TO DISALLOW CERTAIN PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON SCHEDULE 1 TO THE PROPOSED ORDER ATTACHED TO THIS OBJECTION.**

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON FEBRUARY 5, 2024 AT 10:00 A.M. PREVAILING CENTRAL TIME, IN COURTROOM 404, 4TH FLOOR, 515 RUSK STREET, HOUSTON, TEXAS 77002. PARTICIPATION AT THE HEARING WILL ONLY BE PERMITTED BY AN AUDIO AND VIDEO CONNECTION.**

**AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT (832) 917-1510. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE ISGUR'S CONFERENCE ROOM NUMBER IS 954554. VIDEO COMMUNICATION WILL BE BY USE OF THE GOTOMEETING PLATFORM. CONNECT VIA THE FREE GOTOMEETING APPLICATION OR CLICK THE LINK ON JUDGE ISGUR'S HOME PAGE. THE MEETING CODE IS "JUDGEISGUR". CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**

**HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF BOTH ELECTRONIC AND IN-PERSON HEARINGS. TO MAKE YOUR APPEARANCE, CLICK THE "ELECTRONIC APPEARANCE" LINK ON JUDGE ISGUR'S HOME PAGE. SELECT THE**

---

[1] The location of Reorganized Debtor Lois Business Development Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 8th Floor Vantage London, Great West Road, Brentford, England, TW8 9AG, United Kingdom.

SF 4876-4591-1961.4 14220.004

**CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

The Cineworld Litigation Trust (the "Trust") formed pursuant to the confirmed Plan (as defined below) of the above-captioned reorganized debtors (collectively, the "Debtors"), files this *Cineworld Litigation Trust's Fifth Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure Seeking to Disallow Certain Multi-Debtor Duplicate Claims Filed Against Incorrect Debtor Cineworld Group plc* (the "Objection"). In support of this Objection, the Trust respectfully represents as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

2. The predicates for the relief requested herein are section 502(b) of title 11 of the United States Code ("Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### Relief Requested

3. The Trust respectfully requests entry of an order, substantially in the form filed herewith (the "Proposed Order") disallowing each claim identified in the "Claims to be Disallowed and Expunged" column on Schedule 1 to the Proposed Order (collectively, the "Claims") in its entirety because each Claim against Cineworld Group plc is incorrectly asserted against Cineworld Group plc. In each case, the claimants have filed one or more claims against other Debtors in these cases that are marked as "Surviving Claims" on Schedule 1 to the Proposed Order (the "Surviving Claims") that are not affected by this Objection.

**General Background**

4. On September 7, 2022 (the "Petition Date"), Cineworld Group plc and its affiliates each commenced with the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") a voluntary case under chapter 11 of the Bankruptcy Code.

5. On November 7, 2022, the Court entered its *Order (I) Re-Establishing the Claims Bar Date, (II) Re-Establishing the Governmental Bar Date, (III) Establishing the Rejection Damages Bar Date and the Amended Schedules Bar Date, (IV) Approving the Form of and Manner for Filing Proofs of Claim, Including Section 502(b)(9) Requests, and (V) Approving Notice of Bar Dates* [Docket No. 775] (the "Bar Date Order").

6. On June 28, 2023, the Bankruptcy Court entered the *Order Approving the Debtors' Disclosure Statement and Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of Cineworld Group plc and its Debtor Subsidiaries* [Docket No. 1982] (the "Confirmation Order"), confirming the *Third Amended Joint Chapter 11 Plan of Reorganization of Cineworld Group plc and its Debtor Subsidiaries* [Docket No. 1943] (the "Plan").

7. On July 31, 2023, the Effective Date of the Plan occurred [Docket No. 2067] and the Trust was formed pursuant to the terms and conditions of the Confirmation Order, the Plan, and that certain *Litigation Trust Agreement and Declaration of Trust dated July 31, 2023* (the "Trust Agreement").

8. Pursuant to the Plan and the Trust Agreement, among other things, the Trust has the exclusive right: (a) to object to the allowance of any Class 5A or Class 5B General Unsecured Claim on any ground; (b) to file, withdraw, or litigate to judgment objections to General Unsecured Claims; (c) to settle or compromise any disputed claims without any further notice to or action,

order, or approval by the Bankruptcy Court; and (d) to assert all defenses of the Debtors and their estates with respect to General Unsecured Claims.

## The Claims Reconciliation Process

9. Attached hereto as **Exhibit A** is the Declaration of Michael Berkin in Support of the Objection (the "Declaration").

10. As set forth in the Declaration, the Trust and its advisors, in coordination with the Debtors and their advisors, have been working diligently to review filed proofs of claim, including any supporting documentation filed together with any proof of claim. While the Trust's professionals continue to review and reconcile claims, the Trust has identified numerous claims asserted against Cineworld Group plc that are not properly asserted against Cineworld Group plc. For each of the Claims, the Claimant has also asserted a claim for the same liability and the same basis against another Regal Cinemas Debtor (i.e., the "Surviving Claims"), which are not affected by this Objection.

11. The reason why this Objection is brought and why this distinction matters in these cases is that the Plan provides for two different recoveries for Allowed General Unsecured Claims based on which Debtor the Claim is asserted against. Class 5A Debtors consist of Cineworld Group plc and Cineworld Funding (Jersey) Limited. Under Class 5A of the Plan, Allowed General Unsecured Claims against the Class 5A Debtors receive a Pro Rata share of 40% of the GUC Recovery Pool.

12. Class 5B Debtors consist of *all others Debtors*, including all Regal Cinemas Debtors. Allowed General Unsecured Claims holding claims against the Class 5B Debtors receive 60% of the GUC Recovery Pool. Further, pursuant to Article IV.B of the Plan, claimants in Class


5B are entitled to only a single recovery on account of the same liability asserted against a Class 5B Debtor.

## Basis for Relief

13. A filed proof of claim is deemed allowed, unless a party in interest objects. 11 U.S.C. § 502(a). A properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code. FED. R. BANKR. P. 3001(f). Section 502(b)(1)–(9) lists nine separate grounds for disallowing a claim, including that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1).

14. To receive the benefit of *prima facie* validity, however, a proof of claim must assert factual allegations that would entitle the claimant to a recovery. *In re Heritage Org., LLC*, 04-35574 (BJH), 206 WL 6508477, at *8 (Bankr. N.D. Tex. Jan. 27, 2006). Additionally, a claimant's proof of claim is entitled to the presumption of *prima facie* validity under Bankruptcy Rule 3001(f) only until an objecting party refutes at least one of the allegations that are essential to the claim's legal sufficiency. *In re Starnes*, 231 B.R. 903, 912 (N.D. Tex. 1998). Once an allegation is refuted, "the burden shifts to the claimant to prove by a preponderance of the evidence." *In re Congress, LLC*, 529 B.R. 213, 219 (Bankr. W.D. Tex. 2015); *see also Cavu/Rock Props. Project I, LLC v. Gold Star Constr., Inc. (In re Cavu/Rock Props. Project I, LLC)*, 516 B.R. 414, 422 (Bankr. W.D. Tex. 2014). "The ultimate burden of proof always lies with the claimant." *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006).

15. An objection to a proof of claim must be made in writing, and the claimant must be provided with not less than thirty days' notice of the hearing to be held in respect of such objection.

*See* FED. R. BANKR. P. 3007(a).  Objections may be joined in an omnibus objection if such objections are based on the grounds that the claims should be disallowed, in whole or in part, for any of eight enumerated reasons, including that they duplicate other claims.  *See* FED. R. BANKR. P. 3007(d)(5) (authorizing the filing of omnibus claim objections where "they have been filed in the wrong case").

16.     The Claims listed on <u>Schedule 1</u> are incorrectly asserted against Cineworld Group plc, which was the parent company of the Debtors that did not operate any movie theaters.  Based on a review of the attachments to the applicable Claims, the attachments either reflect invoices addressed to a Regal Cinemas Debtor, or upon a review of Cineworld Group plc's Schedule of Assets and Liabilities, the Trust is unable to find the Claimant listed as a creditor or a contract-counterparty at Cineworld Group plc.  *See* Declaration, ¶ 4.

17.     If the Claims are not disposed of as indicated the claims of other stakeholders in these cases will be negatively impacted in the calculation of the recovery available to Class 5A General Unsecured Creditors under the Plan.  *See* Declaration, ¶ 5.

18.     The relief requested herein will have no effect on the Surviving Claims on Schedule 1.  The Trust hereby reserves the right to object to the Surviving Claims on any and all applicable grounds.

19.     Accordingly, the Trust respectfully requests that the Court disallow each Claim in its entirety.

## **Reservation of Rights**

20.     In the event that any of the Claims are not disposed of in the manner and on the grounds asserted herein, the Trust hereby reserves all rights to object to such Proofs of Claim on any other grounds.  Additionally, the Trust expressly reserves the right to amend, modify, or

supplement the objections asserted herein and to file additional objections to the Proofs of Claim or any other unsecured claims that may be asserted against the Debtors' estates.

21. Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any prepetition claim against a Debtor entity or such Debtor entity's estate; (b) a waiver of any party's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Trust's rights under the Bankruptcy Code or any other applicable law.

## Separate Contested Matter

22. To the extent that a response is filed regarding any Claims and the Trust is unable to resolve any such response, each such Claim, and the Objection as it pertains to such Claim, will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Further, the Trust requests that any order entered by the Court regarding an objection or other reply asserted in response to this Objection be deemed a separate order with respect to each proof of claim.

## Notice

23. Notice of this Objection has been given to: (a) holders of the Claims and if known, their counsel; (b) the U.S. Trustee; and (c) the Debtors through their counsel of record. The Trust respectfully submits that such notice is sufficient and proper under the circumstances and that no other or further notice is required.

*[Remainder of Page Intentionally Blank]*

**Conclusion**

**WHEREFORE**, based upon the foregoing, the Trust respectfully requests that the Court: (a) sustain this Objection; (b) enter the Proposed Order sustaining this Objection providing that the Claims shall be disallowed as identified on Schedule 1 to the Proposed Order; and (c) grant such other and further relief as the Court deems just and proper under the circumstances.

| | |
|---|---|
| Dated: January 4, 2024 | */s/ Sean T. Wilson* <br> Sean T. Wilson (Texas Bar No. 24077962) <br> KELLEY DRYE & WARREN LLP <br> 515 Post Oak Blvd, Suite 900 <br> Houston, TX 77027 <br> Telephone: (212) 808-7612 <br> Facsimile (713) 355-5001 <br> Email: swilson@kelleydrye.com |
| | -and- |
| | PACHULSKI STANG ZIEHL & JONES LLP <br> Robert J. Feinstein (admitted *pro hac vice*) <br> Bradford J. Sandler (admitted *pro hac vice*) <br> Shirley S. Cho (admitted *pro hac vice*) <br> Gregory V. Demo (admitted *pro hac vice*) <br> 780 Third Avenue, 34th Floor <br> New York, NY 10017 <br> Telephone: (212) 561-7700 <br> Facsimile: (212) 561-7777 <br> Email: rfeinstein@pszjlaw.com <br> bsandler@pszjlaw.com <br> scho@pszjlaw.com <br> gdemo@pszjlaw.com |
| | *Co-Counsel to the Cineworld Litigation Trust* |

**CERTIFICATE OF SERVICE**

      I certify that on January 4, 2024, I caused a copy of the foregoing document to be served by the CM/ECF Notification System for the United States Bankruptcy Court for the Southern District of Texas and via first class mail on the parties appearing on **Schedule 1**.

                                      */s/ Sean T. Wilson*
                                      Sean T. Wilson

# **Exhibit A**

<div align="center">

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

</div>

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| LOIS BUSINESS DEVELOPMENT ) | |
| CORPORATION,[1] ) | Case No. 22-90267 (MI) |
| ) | |
| Reorganized Debtor. ) | (Formerly Jointly Administered Under Lead Case |
| ) | Cineworld Group plc, Case No. 22-90168) |

<div align="center">

**DECLARATION OF MICHAEL BERKIN IN SUPPORT OF
THE CINEWORLD LITIGATION TRUST'S FIFTH OMNIBUS
OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b)
OF THE BANKRUPTCY CODE AND RULE 3007 OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE SEEKING
TO DISALLOW CERTAIN MULTI-DEBTOR DUPLICATE CLAIMS
FILED AGAINST INCORRECT DEBTOR CINEWORLD GROUP PLC**

</div>

Pursuant to 28 U.S.C. § 1746, I, Michael Berkin, solely in my capacity as financial advisor to the Cineworld Litigation Trust (the "Trust") formed pursuant to the confirmed Plan of the Debtors, hereby declare as follows:[2]

1.      I am a managing director at FTI Consulting, Inc. ("FTI"). Inclusive of my time at FTI, I have over twenty years of experience in corporate restructuring, including advising creditors and debtors on strategic planning, financial projections, claim reconciliation, claim resolution, and debt restructuring. In connection with chapter 11 restructurings, I possess considerable familiarity with and experience in, among other things, analyzing and monitoring cash management systems, debt classification and priority, preference actions, fraudulent conveyance actions, feasibility issues, disclosure statement and plan of reorganization approval procedures and hearings,

---

[1]    The location of Reorganized Debtor Lois Business Development Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 8th Floor Vantage London, Great West Road, Brentford, England, TW8 9AG, United Kingdom.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

SF 4876-4591-1961.4 14220.004

negotiations between debtors and their creditors, and the resolution of claims asserted against debtors.

2. Contemporaneously with the filing of this Declaration, the Trust filed the *Cineworld Litigation Trust's Fifth Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure Seeking to Disallow Certain Multi-Debtor Duplicate Claims Filed Against Incorrect Debtor Cineworld Group plc* (the "Objection").[3]

3. The facts set forth in this Declaration are based upon my personal knowledge or upon records kept in the ordinary course of the Debtors' business that were, as appropriate, reviewed by me or others under my supervision and direction. Further, I or others under my supervision and direction have reviewed and analyzed the proofs of claim listed on Schedule 1 to the Proposed Order (collectively, the "Claims"). If called and sworn as a witness, I could and would testify competently to the matters set forth herein.

4. The Trust, in coordination with the Debtors, is in the process of reviewing all claims filed against each of the Debtors in these chapter 11 cases that fall within the purview of the Trust pursuant to the Plan as confirmed. As part of this review, the Trust's representatives have reviewed the Claims and the evidence attached thereto and determined that each of the Claims listed on Schedule 1 to the Proposed Order mandates disallowance because each is incorrectly asserted against Cineworld Group plc. Based on a review performed by the Trust's representatives of the attachments to the Claims, the attachments either reflect invoices addressed to a Regal Cinemas Debtor, or upon a review of Cineworld Group plc's Schedule of Assets and Liabilities, the Trust is unable to find the Claimant listed as a creditor or a contract-counterparty at Cineworld Group plc. Therefore, the Claims are incorrectly asserted against Cineworld Group plc.

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

5. If the Claims are not disposed of as indicated, the claims of other general unsecured creditors in Class 5A in these cases will be negatively impacted in the calculation of the recovery available to general unsecured creditors under the Plan.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: January 4, 2024

*/s/ Michael Berkin*
Michael Berkin