**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| LOIS BUSINESS DEVELOPMENT ) | |
| CORPORATION,[1] ) | Case No. 22-90267 (MI) |
| ) | |
| Reorganized Debtor. ) | (Formerly Jointly Administered Under Lead Case |
| ) | Cineworld Group plc, Case No. 22-90168) |

**CINEWORLD LITIGATION TRUST'S SIXTEENTH OMNIBUS OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND RULE 3007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE SEEKING TO DISALLOW CERTAIN CLAIMS (PAID/SATISFIED CLAIMS)**

> **THIS IS AN OBJECTION TO YOUR CLAIM.  THIS OBJECTION ASKS THE COURT TO DISALLOW YOUR CLAIM IN THIS BANKRUPTCY CASE.  IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED WITHOUT A HEARING.**
>
> **THIS OBJECTION SEEKS TO DISALLOW CERTAIN CLAIMS.  CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON SCHEDULE 1 TO THE PROPOSED ORDER ATTACHED TO THIS OBJECTION.**
>
> **A HEARING WILL BE CONDUCTED ON THIS MATTER ON APRIL 29, 2024 AT 10:00 A.M. PREVAILING CENTRAL TIME, IN COURTROOM 404, 4TH FLOOR, 515 RUSK STREET, HOUSTON, TEXAS 77002.  PARTICIPATION AT THE HEARING WILL ONLY BE PERMITTED BY AN AUDIO AND VIDEO CONNECTION.**
>
> **AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT (832) 917-1510.  ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER.  JUDGE ISGUR'S CONFERENCE ROOM NUMBER IS 954554.  VIDEO COMMUNICATION WILL BE BY USE OF THE GOTOMEETING PLATFORM.  CONNECT VIA THE FREE GOTOMEETING APPLICATION OR CLICK THE LINK ON JUDGE ISGUR'S HOMEPAGE.  THE MEETING CODE IS "JUDGEISGUR".  CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**
>
> **HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF BOTH ELECTRONIC AND IN-PERSON HEARINGS.  TO MAKE YOUR APPEARANCE, CLICK THE "ELECTRONIC APPEARANCE" LINK ON JUDGE ISGUR'S HOME PAGE.  SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS, AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

---

[1] The location of Reorganized Debtor Lois Business Development Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 8th Floor Vantage London, Great West Road, Brentford, England, TW8 9AG, United Kingdom.

LA:4894-4622-3529.5 14220.004

The Cineworld Litigation Trust (the "Trust"), formed pursuant to the confirmed Plan (as defined below) of the above-captioned debtors, files this *Cineworld Litigation Trust's Sixteenth Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure Seeking to Disallow Certain Claims (Paid/Satisfied Claims)* (the "Objection"). In support of this Objection, the Trust respectfully represents as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

2. The predicates for the relief requested herein are section 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Relief Requested**

3. The Trust respectfully requests entry of an order, substantially in the form filed herewith (the "Proposed Order"), disallowing each claim identified as set forth on Schedule 1 to the Proposed Order (collectively, the "Satisfied Claims") because each Satisfied Claim is on account of a prepetition claim of a creditor to the Debtors that was satisfied during the pendency of the cases in accordance with contract assumption and/or payments made as set forth on Schedule 1.

**General Background**

4. On September 7, 2022 (the "Petition Date"), Cineworld Group plc and its affiliates (the "Debtors") each commenced with the United States Bankruptcy Court for the Southern

District of Texas (the "Bankruptcy Court") a voluntary case under chapter 11 of the Bankruptcy Code.

5. On June 28, 2023, the Bankruptcy Court entered the *Order Approving the Debtors' Disclosure Statement and Confirming the Fifth Amended Joint Chapter 11 Plan of Reorganization of Cineworld Group plc and its Debtor Subsidiaries* [Docket No. 1982] (the "Confirmation Order"), confirming the *Fifth Amended Joint Chapter 11 Plan of Reorganization of Cineworld Group plc and its Debtor Subsidiaries* [Docket No. 1943] (the "Plan").[2]

6. On July 31, 2023, the Effective Date of the Plan occurred [Docket No. 2067] and the Trust was formed pursuant to the terms and conditions of the Confirmation Order, the Plan, and that certain *Litigation Trust Agreement and Declaration of Trust* dated July 31, 2023.

7. Pursuant to the Plan, among other things, the Trust has the exclusive right: (a) to object to the allowance of any Class 5A or Class 5B General Unsecured Claim on any ground; (b) to file, withdraw, or litigate to judgment objections to General Unsecured Claims; (c) to settle or compromise any disputed claims without any further notice to or action, order, or approval by the Bankruptcy Court; and (d) to assert all defenses of the Debtors and their estates with respect to General Unsecured Claims.

8. On February 20, 2024, the Bankruptcy Court entered the *Order (A) Approving Filing of Substantive Omnibus Claims on Certain Additional Grounds, (B) Permitting More than 100 Claims to Be Aggregated in an Omnibus Objection on Certain Grounds; and (C) Granting Related Relief* [Case No. 22-90267, Docket No. 226] (the "Procedures Order"). Pursuant to the Procedures Order, the Trust may file omnibus claim objections based on paid or satisfied claims for more than 100 but less than 500 claims in a single omnibus objection. Procedures Order ¶¶ 1–2.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan or the Confirmation Order, as applicable.

**The Claims Reconciliation Process**

9. Attached hereto as **Exhibit A** is the *Declaration of Michael Berkin in Support of the Cineworld Litigation Trust's Sixteenth Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure Seeking to Disallow Certain Claims (Paid/Satisfied Claims)* (the "Declaration").

10. As set forth in the Declaration, the Trust and its advisors, in coordination with the Debtors and their advisors, have been working diligently to review proofs of claim and scheduled claims, including any supporting documentation filed together with any proof of claim. While the Trust's professionals continue to review and reconcile claims, the Trust has identified numerous claims that are based on leases and executory contracts that have been assumed pursuant to the Plan and Confirmation Order, which are the subject of this Objection. Moreover, the Trust's professionals have verified, where applicable, that payments have been made with respect to the Satisfied Claims.

11. For each of the Satisfied Claims set forth on Schedule 1, the Trust has linked such Satisfied Claim to an assumed contract and/or a cure payment or cure payments, if applicable, that fully satisfies the Satisfied Claim. Further, prior to the filing of the Objection, the Trust conferred with the Debtors' professionals to ensure that the Trust's reconciliation matched the Debtors' information regarding which creditors were satisfied.

**Basis for Relief**

12. A filed proof of claim is deemed allowed, unless a party in interest objects. 11 U.S.C. § 502(a). A properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code. Fed. R. Bankr. P. 3001(f). Section 502(b)(1) – (9) of the Bankruptcy Code lists nine separate grounds for

disallowing a claim, including that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1).

13. However, to receive the benefit of *prima facie* validity, a proof of claim must assert factual allegations that would entitle the claimant to a recovery. *Wilferth v. Heritage Org., L.L.C. (In re Heritage Org., L.L.C.)*, No. 04-35574-BJH-11, 2006 Bankr. LEXIS 4577, at *22 (Bankr. N.D. Tex. Jan. 27, 2006). Additionally, a claimant's proof of claim is entitled to the presumption of *prima facie* validity under Bankruptcy Rule 3001(f) only until an objecting party refutes at least one of the allegations that are essential to the claim's legal sufficiency. *In re Starnes*, 231 B.R. 903, 912 (N.D. Tex. 1998). Once an allegation is refuted, "the burden shifts to the claimant to prove by a preponderance of the evidence." *In re Congress, LLC*, 529 B.R. 213, 219 (Bankr. W.D. Tex. 2015); *see also Cavu/Rock Props. Project I, LLC v. Gold Star Constr., Inc. (In re Cavu/Rock Props. Project I, LLC)*, 516 B.R. 414, 422 (Bankr. W.D. Tex. 2014). "The ultimate burden of proof always lies with the claimant." *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006).

14. An objection to a proof of claim must be made in writing, and the claimant must be provided with not less than thirty days' notice of the hearing to be held in respect of such objection. *See* Fed. R. Bankr. P. 3007(a). Objections may be joined in an omnibus objection if such objections are based on the grounds that the claims should be disallowed, in whole or in part, for any of eight enumerated reasons, including that they have been satisfied. *See* Fed. R. Bankr. P. 3007(d)(5) ("they have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order").

15. The Plan and Confirmation Order provide for the assumption and cure of leases and executory contracts. *See* Plan § VI.A ("On the Effective Date, except as otherwise provided

herein, all Executory Contracts or Unexpired Leases not otherwise assumed or rejected will be deemed assumed by the applicable Reorganized Debtor in accordance with the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code . . . ."); Plan § VI.D ("On the Effective Date or as soon as reasonably practicable thereafter, the Debtors or the Reorganized Debtors, as applicable, shall, in accordance with the Schedule of Proposed Cure Amounts, pay all Cure costs relating to Executory Contracts and Unexpired Leases that are being assumed under the Plan . . . ."). The Confirmation Order also provides that "all Executory Contracts and Unexpired Leases not otherwise assumed or rejected will be deemed assumed by the applicable Reorganized Debtor" and that such contracts and leases shall be cured. *See* Confirmation Order ¶¶ 42, 58, 101–104.

16. The Satisfied Claims are all on account of Executory Contracts and Unexpired Leases which have been assumed by the Debtors. The Plan provides that any claim, such as the Satisfied Claims, on account of Executory Contracts or Unexpired Leases that have been assumed are deemed disallowed:

> **Any and all Proofs of Claim based upon Executory Contracts or Unexpired Leases that have been assumed in the Chapter 11 Cases, including pursuant to the Confirmation Order, shall be deemed disallowed and expunged as of the later of (i) the date of entry of an order of the Bankruptcy Court (including the Confirmation Order) approving such assumption, (ii) the effective date of such assumption, or (iii) the Effective Date without the need for any objection thereto or any further notice to or action, order, or approval of the Bankruptcy Court;** *provided, however*, **that nothing herein shall affect the allowance of Claims or any Cure agreed to by the Debtors in any written agreement amending or modifying any Executory Contract or Unexpired Lease prior to assumption pursuant to the Plan or otherwise.**

Plan § VI.D (emphasis in original). In addition, the Trust has confirmed that the Satisfied Claims have received payment of their Cure costs, where applicable.

17. Each of the Satisfied Claims listed on Schedule 1 to the Proposed Order has been paid or satisfied. For each of the Satisfied Claims, the Trust requests entry of an order disallowing each claim identified on Schedule 1 to the Proposed Order for the reasons set forth in the "Basis for Objection" column. If the Satisfied Claims are not disposed of as indicated, the claims of other stakeholders in these cases will be negatively impacted in the calculation of the recovery available to Class 5A and Class 5B general unsecured creditors under the Plan. *See* Declaration ¶ 6.

18. Accordingly, the Trust respectfully requests that the Court disallow each claim identified on Schedule 1 to the Proposed Order for the reasons set forth in the "Basis for Objection" column.

**Reservation of Rights**

19. In the event that any of the Satisfied Claims are not disposed of in the manner and on the grounds asserted herein, the Trust hereby reserves all rights to object to such Satisfied Claims on any other grounds. Additionally, the Trust expressly reserves the right to amend, modify, or supplement the objections asserted herein and to file additional objections to the Satisfied Claims or any other unsecured claims that may be asserted against the Debtors' estates.

**Separate Contested Matter**

20. To the extent that a response is filed regarding any Satisfied Claims and the Trust is unable to resolve any such response, each such Satisfied Claim, and the Objection as it pertains to such Satisfied Claim, will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Further, the Trust requests that any order entered by the Court regarding an objection or other reply asserted in response to this Objection be deemed a separate order with respect to each proof of claim.

**Notice**

21.     Notice of this Objection has been given to: (a) holders of the Satisfied Claims and, if known, their counsel; (b) the U.S. Trustee; and (c) the Debtors through their counsel of record. The Trust respectfully submits that such notice is sufficient and proper under the circumstances and that no other or further notice is required.

**Conclusion**

**WHEREFORE**, based upon the foregoing, the Trust respectfully requests that the Court: (a) sustain this Objection; (b) enter the Proposed Order sustaining this Objection providing that the Satisfied Claims shall be disallowed as identified on Schedule 1 to the Proposed Order; and (c) grant such other and further relief as the Court deems just and proper under the circumstances.

Dated:  March 6, 2024

*/s/ Sean T. Wilson*
Sean T. Wilson (Texas Bar No. 24077962)
KELLEY DRYE & WARREN LLP
515 Post Oak Blvd, Suite 900
Houston, TX 77027
Telephone: (212) 808-7612
Facsimile: (713) 355-5001
Email: swilson@kelleydrye.com

-and-

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein (admitted *pro hac vice*)
Bradford J. Sandler (admitted *pro hac vice*)
Shirley S. Cho (admitted *pro hac vice*)
Gregory V. Demo (admitted *pro hac vice*)
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email:  rfeinstein@pszjlaw.com
            bsandler@pszjlaw.com
            scho@pszjlaw.com
            gdemo@pszjlaw.com

*Co-Counsel to the Cineworld Litigation Trust*

## **CERTIFICATE OF SERVICE**

      I certify that on March 6, 2024, I caused a copy of the foregoing document to be served by the CM/ECF Notification System for the United States Bankruptcy Court for the Southern District of Texas and via first class mail on the parties appearing on **Schedule 1**.

                                            */s/ Sean T. Wilson*
                                            Sean T. Wilson

**Exhibit A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| LOIS BUSINESS DEVELOPMENT ) | |
| CORPORATION,[1] ) | Case No. 22-90267 (MI) |
| ) | |
| Reorganized Debtor. ) | (Formerly Jointly Administered Under Lead Case |
| ) | Cineworld Group plc, Case No. 22-90168) |

**DECLARATION OF MICHAEL BERKIN IN SUPPORT OF CINEWORLD LITIGATION TRUST'S SIXTEENTH OMNIBUS OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND RULE 3007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE SEEKING TO DISALLOW CERTAIN CLAIMS (PAID/SATISFIED CLAIMS)**

Pursuant to 28 U.S.C. § 1746, I, Michael Berkin, solely in my capacity as financial advisor to the Cineworld Litigation Trust (the "Trust") formed pursuant to the confirmed Plan of the above-captioned debtors (collectively, the "Debtors"), hereby declare as follows:

1. I am a managing director at FTI Consulting, Inc. ("FTI"). Inclusive of my time at FTI, I have over twenty years of experience in corporate restructuring, including advising creditors and debtors on strategic planning, financial projections, claim reconciliation, claim resolution, and debt restructuring. In connection with chapter 11 restructurings, I possess considerable familiarity with and experience in, among other things, analyzing and monitoring cash management systems, debt classification and priority, preference actions, fraudulent conveyance actions, feasibility issues, disclosure statement and plan of reorganization approval procedures and hearings, negotiations between debtors and their creditors, and the resolution of claims asserted against debtors.

---

[1] The location of Reorganized Debtor Lois Business Development Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 8th Floor Vantage London, Great West Road, Brentford, England, TW8 9AG, United Kingdom.

LA:4894-4622-3529.5 14220.004

2. Contemporaneously with the filing of this Declaration, the Trust filed the *Cineworld Litigation Trust's Sixteenth Omnibus Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure Seeking to Disallow Certain Claims (Paid/Satisfied Claims)* (the "Objection").[2]

3. The facts set forth in this Declaration are based upon my personal knowledge or upon records kept in the ordinary course of the Debtors' business that were, as appropriate, reviewed by me or others under my supervision and direction. Further, I or others under my supervision and direction have reviewed and analyzed, to the extent possible, the scheduled claims and proofs of claim listed in Schedule 1 to the Proposed Order (collectively, the "Satisfied Claims"). If called and sworn as a witness, I could and would testify competently to the matters set forth herein.

4. The Trust, in coordination with the Debtors, is in the process of reviewing all claims filed against each of the Debtors in these chapter 11 cases that fall within the purview of the Trust pursuant to the Plan as confirmed. As part of this review, the Trust's representatives have reviewed the Satisfied Claims and the evidence attached thereto and determined that the Satisfied Claims listed on Schedule 1 to the Proposed Order are based on leases and executory contracts that have been assumed pursuant to the Plan and Confirmation Order.

5. Pursuant to the *Fifth Amended Plan Supplement* [Docket No. 2065] (the "Cure Schedule"), the Debtors set forth their proposed cure payments with respect to executory contracts or leases to be potentially assumed pursuant to section 365 of the Bankruptcy Code through their plan of reorganization. The Trust's professionals have reviewed a payment schedule made by the Debtors on account of the Cure Schedule and have matched those payments made with the

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

LA:4894-4622-3529.5 14220.004            2

Satisfied Claims. After review and analysis, the Trust has determined that the Satisfied Claims are satisfied based on assumption of the underlying contracts or leases pursuant to the Plan and/or by actual payment received from the Debtors, where applicable if a cure amount of greater than $0.00 was listed on the cure schedule for the Satisfied Claims. Therefore, the Satisfied Claims should be disallowed.

6. Accordingly, the Trust believes that if the Satisfied Claims are not disposed of as indicated the claims of other stakeholders in these cases will be negatively impacted in the calculation of the recovery available to Class 5A and Class 5B general unsecured creditors under the Plan.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: March 6, 2024

*/s/ Michael Berkin*
Michael Berkin