United States Bankruptcy Court
Southern District of Texas
**ENTERED**
March 19, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| LOIS BUSINESS DEVELOPMENT CORPORATION,[1] | ) Case No. 22-90267 (MI) |
| | ) |
| | ) (Formerly Jointly Administered Under Lead |
| Reorganized Debtor. | ) Case Cineworld Group plc, Case No. 22-90168) |

### ORDER (A) ALLOWING CERTAIN PERSONAL INJURY CLAIMS, AND (B) GRANTING RELATED RELIEF
(Related Docket No. 223)

Upon the motion (the "Motion")[2] of the Cineworld Litigation Trust (the "Trust") formed pursuant to the confirmed Plan of the above-captioned debtors (collectively, the "Debtors"), for entry of an order (this "Order"): (i) Allowing the Subject Claims identified on **Schedule 1** hereto as Class 5B General Unsecured Claims in the face amount of such claims, as identified in **Schedule 1** in full and final satisfaction of such Claims as and against the Trust, the Debtors' estates and the Reorganized Debtors; (ii) Allowing the Subject Claims identified on **Schedule 2** hereto as Class 5B General Unsecured Claims, as consensually modified therein, in full and final satisfaction of such Claims as and against the Trust, the Debtors' estates and the Reorganized Debtors; (iii) requiring Holders of the Subject Claims, to the extent litigation has been initiated, to dismiss or otherwise withdraw such litigation with prejudice against the Debtors and/or Reorganized Debtors; and (iv) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334

---

[1] The location of Reorganized Debtor Lois Business Development Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 8th Floor Vantage London, Great West Road, Brentford, England, TW8 9AG, United Kingdom.

[2] A capitalized term used but not otherwise defined herein shall have the meaning given to it in the Motion.

SF 4853-5525-0330.4 14220.003

and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the estates, their creditors, and other parties in interest; and this Court having found that the notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1. The PI Claims identified in **Schedules 1 & 2** hereto (collectively, the "<u>Subject Claims</u>") are hereby Allowed, as applicable, (i) as Class 5B General Unsecured Claims in the amounts identified in **Schedule 1**, or (ii) as Class 5B General Unsecured Claims in the amounts and against the Debtor identified in the "Modified Claim Amount" and "Modified Debtor" columns of **Schedule 2**, respectively, in full and final satisfaction of such Claims as and against the Trust, the Debtors, and their estates.

2. For the avoidance of doubt, the Subject Claims will be paid in accordance with the terms of the Plan, as and when distributions, if any, to such claims are made.

3. Kroll Restructuring Administration LLC, as claims, noticing, and solicitation

agent, is authorized and directed to update the claims register in these chapter 11 cases to reflect the relief granted in this Order.

4. No later than 30 days following entry of this Order, the Holders of the Subject Claims shall cause any pending litigation underlying the Subject Claims to be dismissed or otherwise withdrawn, with prejudice, as to all Debtors, their estates, and the Reorganized Debtors.

5. Nothing in this Order shall obligate the Trust, Reorganized Debtors, the Holders of the Subject Claims, or any insurance carrier to settle or pursue settlement of any particular Claim.

6. Nothing in this Order, nor any actions taken pursuant hereto, shall constitute admissible evidence against any party in any action or proceeding other than one to enforce the terms of this Order.

7. The limited relief set forth herein shall not be construed as an admission of liability by the Trust, Debtors, or Reorganized Debtors regarding any claim or cause of action arising from or in relation to the Subject Claims or any other matter.  The Debtors and Reorganized Debtors deny any and all liability and wrongdoing.  This Order represents the compromise and resolution of a disputed claim.

8. For the avoidance of doubt, nothing in this Order shall be construed as an agreement to treat any damages or expenses resulting or arising from the Subject Claims, or commencement and prosecution thereof, as post-petition claims.  For the further avoidance of doubt, nothing in this Order shall be construed to alter treatment of any liquidated Claim under the Plan.

SF 4853-5525-0330.4 14220.003

9. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (i) an admission as to the validity of any claim against the Trust, Reorganized Debtors or Debtors, as applicable, (ii) a waiver of the Trust's, the Reorganized Debtors,' or any appropriate party-in-interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Trust's, the Reorganized Debtors', or any other party-in-interest's rights under the Bankruptcy Code or any other applicable non-bankruptcy law, or (iv) an approval, adoption, assumption, or rejection of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.  For the avoidance of doubt, the Trust's rights to object to any Claim filed by the Holders of the Subject Claims, other than the Subject Claims, on any grounds whatsoever are expressly preserved.

10. Notice of the Motion as provided therein is hereby deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Bankruptcy Local Rules are satisfied by such notice.

11. The Trust, Reorganized Debtors, the Holders of the Subject Claims, and any insurance carrier affected by this Order are authorized to take all actions necessary or appropriate to effectuate the relief granted herein.

12. This Court retains exclusive jurisdiction and power with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: March 19, 2024

_____
Marvin Isgur
United States Bankruptcy Judge

Schedule 1:  In re: LOIS BUSINESS DEVELOPMENT CORPORATION
Case No. 22-90267 (MI) (Formerly Jointly Administered Under Lead Case Cineworld Group plc, Case No. 22-90168)

| | Original Creditor | Claims to be Allowed | Debtor | Date Filed | Asserted Unliquidated Claim Amount |
|---|---|---|---|---|---|
| 1 | Bernard, Ernest<br>Address on File | 610 | Regal Entertainment Group | 11/2/2022 | $190,000.00 |
| 2 | Bogle, David<br>Address on File | 2454 | Regal Entertainment Group | 1/17/2023 | $240,000.00 |
| 3 | Cerussi and Gunn P.C.<br>300 Garden City Plaza, Ste. 308<br>Garden City, NY 11530 | 734 | Regal Cinemas, Inc. | 11/19/2023 | $75,000.00 |
| 4 | Charipar, Charlotte<br>Address on File | 2090 | Regal Cinemas, Inc. | 1/16/2023 | $50,000.00 |
| 5 | Fletcher-Matthews, Laquitta<br>Address on File | 940 | Regal Cinemas, Inc. | 12/1/2022 | $30,000.00 |
| 6 | Floyd, Pamela<br>Address on File | 1397 | Regal Cinemas, Inc. | 1/9/2023 | $100,000.00 |
| 7 | Holland, Willa Mae<br>Address on File | 1000 | Regal Cinemas, Inc. | 12/5/2022 | $74,000.00 |
| 8 | Jardine, Robyn<br>Address on File | 1156 | Regal Cinemas Holdings, Inc. | 12/19/2022 | $25,000.00 |
| 9 | Junga, Michael<br>Address on File | 1690 | Regal Cinemas, Inc. | 1/12/2023 | $275,000.00 |
| 10 | Lingelbach, Suzanne<br>Address on File | 1703 | Regal Cinemas, Inc. | 1/12/2023 | $60,000.00 |
| 11 | Lopez, Yasmin<br>Address on File | 1268 | Regal Cinemas, Inc. | 12/28/2022 | $30,000.00 |
| 12 | Mramer, Luke<br>Address on File | 1134 | Regal Entertainment Group | 12/14/2022 | $50,000.00 |
| 13 | Ogundipe, Wanda<br>Address on File | 812 | Regal Entertainment Group | 11/21/2022 | $100,000.00 |
| 14 | Paul, Alyssa<br>Address on File | 2074 | Regal Entertainment Group | 1/17/2023 | $250,000.00 |
| 15 | Paul, Zachary<br>Address on File | 2148 | Regal Entertainment Group | 1/17/2023 | $250,000.00 |
| 16 | Perez, Crystal<br>Address on File | 1385 | Regal Cinemas, Inc. | 1/6/2023 | $201,300.00 |
| 17 | Rodriguez, Luz | 1893 | Regal Cinemas, Inc. | 1/15/2023 | $200,000.00 |

Schedule 1:  In re: LOIS BUSINESS DEVELOPMENT CORPORATION
Case No. 22-90267 (MI) (Formerly Jointly Administered Under Lead Case Cineworld Group plc, Case No. 22-90168)

| | Original Creditor | Claims to be Allowed | Debtor | Date Filed | Asserted Unliquidated Claim Amount |
|---|---|---|---|---|---|
| 18 | Valdez, James<br>Address on File | 1499 | Regal Entertainment Group | 1/11/2023 | $75,000.00 |
| 19 | Westcott, Patrick<br>Address on File | 1393 | Regal Cinemas, Inc. | 1/9/2023 | $24,002.61 |
| | **Total Claims to be Allowed:** | **19** | | | **$2,299,302.61** |

Schedule 2:                                                                                                     In re: LOIS BUSINESS DEVELOPMENT CORPORATION
Case No. 22-90267 (MI) (Formerly Jointly Administered Under Lead Case Cineworld Group plc, Case No. 22-90168)

| | Original Creditor | Claims to be Allowed | Debtor | Modified Debtor | Date Filed | Asserted Unliquidated Claim Amount | Modified Claim Amount |
|---|---|---|---|---|---|---|---|
| 1 | Johnson, Claressa May<br>Address on File | 1751 | Cineworld Group plc | Regal Cinemas, Inc. | 1/13/2023 | $3,000,000.00 | $125,000.00 |
| 2 | Walker, Ronald<br>Address on File | 2803 | Cineworld Group plc | Regal Cinemas, Inc. | 6/13/2023 | $50,000.00 | $40,000.00 |
| | **Total Claims to be Allowed:** | **2** | | | | **$3,050,000.00** | **$165,000.00** |