United States Bankruptcy Court
Southern District of Texas
**ENTERED**
November 07, 2024
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| IN RE: § | |
| § | CASE NO: 22-90267 |
| LOIS BUSINESS § | |
| DEVELOPMENT § | |
| CORPORATION, *et al.*, § | |
| § | |
| Debtors. § | |
| § | |
| § | CHAPTER 11 |

## MEMORANDUM OPINION

This matter concerns a dispute over whether a commercial lease between Regal Cinemas and Daly City Serramonte Center, LLC terminated before Regal filed its chapter 11 petition. The Court confirmed Regal's chapter 11 plan, which provided for the assumption of Regal's lease with Serramonte. The confirmed plan specified a $0 cure amount. Serramonte seeks limited vacatur of the Confirmation Order to clarify that the Order did not revive the allegedly terminated Lease. Regal seeks to enforce the discharge and injunctive provisions of the Order.

The Court need not resolve the underlying dispute. The Confirmation Order is inviolate absent fraud. Regal's Assumption of the Lease is effective. Serramonte is bound by the Confirmation Order.

Serramonte's motion to vacate is denied. Regal's motion to enforce the plan and confirmation order is granted. No attorneys' fees are awarded.

## BACKGROUND

### I.   THE STATE COURT LAWSUIT

On November 22, 2019, Regal and Serramonte executed a Lease for a portion of the Serramonte Shopping Center in Daly City, California. ECF No. 547 at 4. The Lease was for a 60,000 square foot

movie theatre. ECF No. 547 at 4. Serramonte was obligated to relocate the existing tenant, demolish the existing structure, and contribute $16.1 million towards the construction of the theater. ECF No. 547 at 4. Regal was responsible for the actual construction, for submitting construction plans to the Serramonte, and for reimbursing the Serramonte for any construction costs over $16.1 million. ECF No. 548 at 5.

After the Lease was signed, the COVID-19 pandemic occurred, precipitating government-mandated shutdowns of movie theatres nationwide. Both parties grew concerned over each other's abilities in fulfilling their respective lease obligations.

On October 2, 2020, Serramonte sent a letter to Regal requesting adequate assurances because of Serramonte's concerns of Regal's financial condition and ability to continue to perform the Lease obligations. ECF No. 548 at 8.

On October 14, 2020, Regal responded: "[it] is fully committed to completing the construction and opening of the Theatre." ECF No. 548 at 8.

On October 23, 2020, Serramonte sent a notice of default based on Regal's alleged failure to provide construction plans and failure to provide reasonable assurance. ECF No. 548 at 8. Regal was given ten days to cure its default. ECF No. 548 at 8.

On October 29, 2020, Regal sent the Construction Plans. ECF No. 548 at 6.

On November 9, 2020, Serramonte sent a Notice of Termination of the Lease based on Regal's alleged failure to provide adequate assurances. ECF No. 548 at 9. Serramonte alleges that termination was fully effective on November 10, 2020. ECF No. 548 at 9.

On November 23, 2020, Serramonte filed a complaint against Regal in California Superior Court, asserting claims for breach of contract and declaratory relief finding that the lease was terminated.

ECF No. 547 at 6. On December 30, 2020, Regal filed its cross-complaint, asserting claims for specific performance, breach of contract, breach of implied covenant of good faith and fair dealing, and declaratory relief finding that the Lease was not terminated. ECF No. 547 at 6.

On September 30, 2022, Regal filed a notice of automatic stay of proceedings under 11 U.S.C. § 362 in the State Court Lawsuit. ECF No. 547-15. On February 23, 2024, Serramonte filed its notice of termination of modification of stay in the state court case. ECF No. 547-40.

## II. PROCEDURAL BACKGROUND

On September 7, 2022, Regal and its affiliated debtor entities commenced the above-captioned chapter 11 cases. Case No. 22-90168, ECF No. 1. The next day, Matthew A. Hodel, Serramonte's counsel in the State Court Lawsuit emailed Regal's counsel: "I assume you are going to [be] filing [a] notice of stay regarding the bankruptcy filing." ECF No. 547-13.

On September 15, 2022, Regal's claims noticing agent sent to Mr. Hodel the *Notice of Chapter 11 Bankruptcy Case*. ECF No. 547-14.

On September 30, 2022, Regal filed its *Notice of Automatic Stay of Proceedings Under 11 U.S.C. § 362* in the State Court Lawsuit, attaching a copy of the chapter 11 petition. ECF No. 547-15.

On November 12, 2022, Regal's claim agent served Serramonte with the *Notice of Deadlines for the Filing of Proofs of Claims, Including Requests for Payment Pursuant to Section 503(b)(9) of the Bankruptcy Code*, and *Proof of Claim* form to Mr. Hodel. ECF No. 547-16.

The deadline to file a proof of claim passed on January 17, 2023. ECF No. 547-16 at 9. Serramonte was given notice and did not file a proof of claim. ECF No. 547 at 8. Regal's schedules listed Serramonte's claim as contingent, unliquidated, and disputed. ECF No. 547-17 at 23.

On June 8, 2023, Regal's claims agent sent Serramonte at its business address a *Notice of (I) Executory Contracts and Unexpired Leases to be Assumed by the Debtors Pursuant to the Plan, (II) Cure Amounts, if any, and (III) Related Procedures in Connection Therewith.* ECF No. 547-18 at 7.

On May 2, 2023, Regal's claim agent served Serramonte at Mr. Hodel and at Serramonte's business address with the *Notice of Hearing to Consider (I) the Adequacy of the Disclosure Statement and Confirmation of the Joint Chapter 11 Plan of Reorganization of Cineworld Group plc and its Debtor Subsidiaries and (II) Related Voting and Objection Procedures.* ECF No. 547-20 at 10.

On June 28, 2023, the Court entered an order confirming Regal's chapter 11 plan. ECF No. 547-24 at 2. The Confirmation Order provides: "the Debtors are immediately authorized . . . to assume any Executory Contract or Unexpired Lease, and pay any related Cure costs, pursuant to the Plan, including the Plan Supplement. Case No. 22-90168, ECF No. 1982 at 46. The Plan Supplement lists the Lease as an "Unexpired Lease[] to be Assumed." Case No. 22-90168, ECF No. 1799 at 194.

On July 31, 2023, Serramonte was served at its business address with the *Notice of (I) Entry of an Order Approving the Debtors' Disclosure Statement and Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of Cineworld Group plc and its Debtors Subsidiaries and (II) Occurrence of Effective Date.* ECF No. 547-25.

On October 11, 2024, Regal filed its motion to enforce the plan and confirmation order. ECF No. 547. Serramonte filed its limited motion to vacate the confirmation order on the same day. ECF No. 548.

## JURISDICTION

The District Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(a). Venue is proper in this District pursuant to 28 U.S.C. § 1409. This core proceeding under 28 U.S.C. § 157(b)(2). The dispute

has been referred to the Bankruptcy Court under General Order 2012-6.

## DISCUSSION

The Court does not need to determine whether the Lease was effectively terminated before the filing of the chapter 11 case. The Confirmation Order approved the Lease Assumption. Serramonte does not provide grounds for vacating the Order. Moreover, Serramonte is bound to the Order because it was given due process notice of the Lease Assumption.

### I.   THE CONFIRMATION ORDER

Serramonte seeks limited vacatur of the Confirmation Order to clarify that the Order did not effectively revive the Lease because it was allegedly terminated two years before the commencement of the chapter 11 case. ECF No. 548 at 2. Serramonte argues three bases for vacatur from judgment under FED. R. CIV. P. 60(b) (made applicable through FED. R. BANKR. P. 9024):

- The Court lacked subject matter jurisdiction over the alleged terminated lease;

- The Court lacked personal jurisdiction over Serramonte because the procedural requirement of service was allegedly not satisfied;

- The assumption of the Lease violated Serramonte's due process rights because notice of assumption was allegedly insufficient.

The Court does not need to consider the merits of each basis for purposes of vacatur, because the Rule 60(b) motion is not predicated on fraud. Section 1144 of the Code is the exclusive means for a court to vacate an order confirming a chapter 11 plan of reorganization. *In re Logan Place Properties, Ltd.*, 327 B.R. 811, 815 (Bankr. S.D. Tex. 2005) ("In considering Rule 60(b)'s application to orders of confirmation, there

is an apparent conflict between the Rules and the Code. When in conflict, the Bankruptcy Code trumps the Bankruptcy Rules.").

Under § 1144, the Court may, upon request of a party in interest before 180 days after the date of the order of confirmation, and after notice and a hearing, revoke the Confirmation Order *if and only if* the Order was procured by fraud. 11 U.S.C. § 1144.

Here, Serramonte filed its motion to vacate on October 11, 2024. The Confirmation Order was entered on June 28, 2023, well over a year before the motion was filed. Moreover, Serramonte failed to plead any basis that the Order was procured by fraud. Serramonte's motion is denied.

## II. DUE PROCESS

Although Serramonte's due process claim does not justify vacatur of the Confirmation Order, it may render the Order unenforceable and non-binding against Serramonte. A final order is binding on the party if the challenging party received notice and was given the opportunity to litigate the plan or order. *In re Chesnut*, 356 Fed.Appx. 732, 736 (5th Cir. 2009). "Due process requires notice 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306 (1950)). Actual notice "more than satisfie[s]" the due process standard. *Espinosa*, 559 U.S. at 272. Actual notice is defined as "notice given directly to, or received personally by, a party." *Actual Notice*, BLACK'S LAW DICTIONARY (10th ed. 2014).

The Court finds that Serramonte received actual notice. The record shows that a number of notices were sent to Mr. Hobel and to Serramonte's business address regarding the chapter 11 filing, the deadline to file a proof of claim, the assumption of the Lease, the confirmation hearing, and the confirmation order.

Serramonte does not contest that it received the notices regarding the bankruptcy proceedings. ECF No. 537. Rather, it contests the legal sufficiency of the notices in the content of assumption of contracts. ECF No. 537. Serramonte relies on the holding in *In re Nat'l Gypsum Co.*, to argue that Regal's notices were insufficient because they failed to show "Regal's intent to assume the Terminated Lease with a $0 cure amount." ECF No. 548 at 23; *see* 208 F.3d 498, 514 (5th Cir. 2000). In *Gypsum*, the Fifth Circuit held that *res judicata* could not bar a creditor's claim unless there was a "showing that the non-debtor possessed actual knowledge of a sufficiently refined degree" or "delivery of the proposed plan of reorganization or some other court-ordered notice that set forth [the debtor's] intent to assume the [contract] with a $0 cure amount. *In re Nat'l Gypsum*, 208 F.3d at 513.

The Assumption Notice sufficiently warned Serramonte of Regal's specific intent to assume the Lease. On June 8, 2023, Regal's claims agent sent Serramonte at its business address the Assumption Notice which reads:

> PLEASE TAKE FURTHER NOTICE THAT you are receiving this notice because the Debtors' records reflect that you are a party to a contract that is listed on the Assumption Schedule. Therefore, you are advised to review carefully the information contained in this notice and the related provisions of the Plan, including the Assumption Schedule.
>
> PLEASE TAKE FURTHER NOTICE THAT the Debtors are proposing to assume the Executory Contract(s) and Unexpired Lease(s) listed in **Schedule A** attached hereto to which you are a party.

ECF No. 582-3 at 1–2. Schedule A of the Assumption Notice provides for the Lease to be assumed at a $0 cure amount. ECF No. 582-3 at 6. The Assumption Notice also references the Assumption Schedule, which lists the Lease under "US Unexpired Leases to be Assumed." ECF No. 547-19 at 7. Serramonte contends that service of the Assumption Notice was improper and insufficient for due process requirements because the

Notice was never sent to an officer of Serramonte pursuant to Rule 7004(b)(3). ECF No. 583 at 10. However, compliance with Rule 7004(b)(3) is not necessary to satisfy constitutional due process. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010) (ruling that deprivation of a right granted by a procedural rule "did not amount to a violation of [a creditor's] constitutional right to due process"); *In re Wilkinson*, 457 B.R. 530, 544 (Bankr. W.D. Tex. 2011). "[T]he moving party must not only identify a technical inadequacy in the notice provided, but must also establish the denial of right to due process." *Id.* (quoting *In re Manchester Center*, 123 B.R. 378, 381 (Bankr. C.D. Cal. 1991)).

Here, the Assumption Notice served on Serramonte unequivocally provides notice of Regal's specific intent of assuming the Lease by the language, "the Debtors are proposing to assume the . . . Unexpired Lease(s) listed in **Schedule A** . . . ." and "the Debtors' records reflect that you are a party to a contract that is listed on the Assumption Schedule." The Assumption Notice, along with the other served notices, provided Serramonte opportunities to object to the Lease Assumption and the Plan Confirmation. Serramonte did not object to either.

A confirmation order can bind creditors to a plan's terms, even inappropriate ones, if due process notice requirements are met. In *United Student Aid Funds, Inc., v. Espinosa*, a bankruptcy court confirmed a chapter 13 plan that discharged student loan debt. The plan discharged the debt even though there was (i) no finding of undue hardship; and (ii) no adversary proceeding. 559 U.S. 260, 275 (2010). A bankruptcy court can only grant a discharge of student loan debt if there is a finding of undue hardship in an adversary proceeding. 11 U.S.C. § 523(a)(8); FED. R. BANKR. P. 7001(6). The creditor argued that the plan confirmation was void because the creditor "did not receive adequate notice of Espinosa's proposed discharge of his student loan interest." *Id.* at 272. The creditor was not served with a summons and complaint required for the commencement of an adversary proceeding under Rule 7004(b)(3). *Id.* However, the Supreme Court held that the confirmed

plan was still enforceable against the creditor because the creditor received actual notice of the filing of the plan. *See id.* at 274 ("Espinosa's failure to serve United with a summons and complaint deprived United of a right granted by a procedural rule. . . . But this deprivation did not amount to a violation of United's constitutional right to due process.").

Here, the notices satisfy due process requirements. Serramonte is bound by the terms of the Confirmation Order, including the assumption of the Lease. The Court does not decide whether a terminated lease is revived by a lease assumption clause in a confirmed plan. The Court will not presume that the Lease actually terminated before the filing of the chapter 11 petition. That issue was not timely raised at the confirmation hearing. At the confirmation hearing, the lease was assumed and all breaches of the lease were deemed cured. The Court must enforce the terms of the Confirmation Order and Plan, which provide for the assumption of the Lease. Regal's motion to enforce the Plan and Confirmation Order is granted.

### III. ATTORNEY'S FEES

Regal asks the Court to award attorneys' fees because Serramonte violated the Confirmation Order by allegedly recommencing the State Court Lawsuit on the presumption that the Lease terminated. ECF No. 547 at 29. The Plan released Regal from any causes of action that arose before the Effective Date and enjoined Serramonte from continuing its State Court Lawsuit. ECF No. 547 at 11–12.

The Court has power under § 105(a) to award sanctions in enforcement of its civil contempt powers. In the Fifth Circuit, "[j]udicial sanctions in civil contempt proceedings may, in a proper case, be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *American Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 585 (5th Cir. 2000).

Here, there are no plausible allegations that Serramonte is recommencing the State Court Lawsuit. Serramonte merely filed a

statutorily required notice that the automatic stay terminated on the Effective Date of the Plan Confirmation in state court. ECF No. 547 at 15. The record does not show that Serramonte has taken any affirmative steps in recommencing the state court litigation and violating the Confirmation Order.

Serramonte is not presently in civil contempt. Regal's request for attorneys' fees is denied.

## CONCLUSION

The Court will enter a separate order consistent with this Memorandum Opinion.

SIGNED 11/07/2024

Marvin Isgur
United States Bankruptcy Judge