IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| LOIS BUSINESS DEVELOPMENT ) | |
| CORPORATION,[1] ) | Case No. 22-90267 (MI) |
| ) | |
| Reorganized Debtor. ) | (Formerly Jointly Administered Under Lead Case |
| ) | Cineworld Group plc, Case No. 22-90168) |

**CINEWORLD LITIGATION TRUST'S LIMITED RESPONSE TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND PLAN INJUNCTION**
(Related Docket No. 893)

The Cineworld Litigation Trust (the "Trust"), formed pursuant to the confirmed Plan in the above-captioned case, hereby files this limited response (this "Response") to the *Motion for Relief from the Automatic Stay and Plan Injunction* [Docket No. 893] (the "Motion") filed by Christopher Ruiz ("Ruiz").[2] In response to the Motion, the Trust respectfully represents as follows:

1. The Trust takes no position with respect to the relief requested in the Motion; but rather, leaves the applicable issues to the Reorganized Debtors and other potentially affected parties to address. The Trust files this Response to clarify the record retarding certain statements Ruiz makes in the Motion concerning the *Cineworld Litigation Trust's Motion for Entry of an Order (A) Allowing Certain Personal Injury Claims Solely for Distribution Purposes and (B) Granting Related Relief* [Docket No. 880] (the "Allowance Motion").

2. More specifically, in the Motion, Ruiz asserts that the limited allowance of Ruiz's claim as proposed in the Allowance Motion satisfies the SIR provision of the applicable insurance

---

[1] The location of Reorganized Debtor Lois Business Development Corporation's principal place of business and the Reorganized Debtor's service address in this chapter 11 case is: 101 E. Blount Avenue, Knoxville, TN 37920-1605. All pleadings related to these chapter 11 cases may be obtained from the website of the Reorganized Debtor's claims and noticing agent at https://cases.ra.kroll.com/cineworld.

[2] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Motion or Plan, as appliable.

4928-1421-1958.1 14220.004

policy.  However, the Allowance Motion seeks far more narrow relief.  Not wanting to disturb the status quo under the Plan, the Allowance Motion merely seeks to allow certain personal injury claims for distribution purposes only.  Contrary to the assertions of Ruiz, the Allowance Motion does not seek to generally allow, for all purposes at this time (or for the purpose of satisfaction of the applicable SIR or deductible), any of the unsecured claims of the applicable claimants, hence the limitation contained in the proposed order thereto that the relief sought is "solely for distribution purposes."  The proposed order to the Allowance Motion continues that nothing therein "shall modify, limit, or enhance any right of a Holder of a Subject Claim or that of any appliable insurer, the Reorganized Debtors, or other affected party under the Plan or applicable law, except as to distributions from the Trust as set forth in paragraph 1 hereof."  Finally, the proposed order provides that it cannot be used for evidentiary purposes beyond the enforcement of the terms of the proposed order, if entered by the Court.

3. Simply put and as described in the Allowance Motion, the Allowance Motion was filed by the Trust as a practical solution to facilitating timely distributions to the applicable beneficiaries of the Trust and limit the Trusts' costs in order to maximize recoveries for all its beneficiaries.  On one hand, the Reorganized Debtors have been consistently refusing to agree to a modification of the Plan Injunction for the limited remaining personal claimants to liquidate their claims.  On the other hand, applicable claimants, prior to the Motion, have generally not been seeking applicable relief from the Court to timely pursue their claims or modify the Plan Injunction, or in several instances to substantively respond to the Trust's efforts to consensually liquidate the applicable claims.  As a result, the Trust finds itself caught in the middle of apparent disputes between other parties or apathy by the applicable claimants, with limited and frequently costly options available to it to resolve the applicable impasse.

4. Accordingly, the Trust has determined to proceed in the most efficient means possible for the benefit of all of its beneficiaries. Because seeking to litigate the claims applicable to the Allowance Motion or litigating with the Reorganized Debtors regarding the Plan Injunction would likely cost the Trust more than making a distribution in the full amount of the Trust's liability (*i.e.* the amount of the applicable SIR or deductible under Section VII.M.2 of the Plan) given the likely recoveries in these cases, the Motion is designed to facilitate the Trust's distribution in the maximum amount of its liability to the applicable claimant without affecting the rights of any other parties, which have been expressly preserved by the proposed order to the Allowance Motion. The Trust believes that such a result will be in the best interests of its beneficiaries, and allow the Trust to remove itself from the middle of these matters to facilitate distributions to the Trusts' applicable beneficiaries.

5. To the extent a claimant covered by the Allowance Motion wants to seek a recovery in excess of the Trust's liability, and to the extent the Reorganized Debtors or an insurance carrier wish to oppose those efforts, those rights are expressly left undisturbed by the Allowance Motion. As such, the relief sought therein is not intended to be construed as for any purpose (including satisfaction of any SIR or deducible) beyond allowing the Trust to facilitate prompt distributions to its beneficiaries for the maximum amount of the Trust's liability under the circumstances.

[*Remainder of Page Intentionally Left Blank*]

**WHEREFORE**, based upon the foregoing, the Trust respectfully requests that the Court grant such relief as the Court deems just and proper under the circumstances.

| | |
|---|---|
| Dated:  October 31, 2025 | **PACHULSKI STANG ZIEHL & JONES LLP** |
| | */s/ Benjamin L. Wallen* |
| | Robert J. Feinstein (admitted *pro hac vice*) |
| | Bradford J. Sandler (admitted *pro hac vice*) |
| | Shirley S. Cho (admitted *pro hac vice*) |
| | 1700 Broadway, 36th Floor |
| | New York, NY 10019 |
| | Telephone: (212) 561-7700 |
| | Facsimile: (212) 561-7777 |
| | Email:  rfeinstein@pszjlaw.com |
| |         bsandler@pszjlaw.com |
| |         scho@pszjlaw.com |
| | -and- |
| | Maxim B. Litvak (TX Bar No. 24002482) |
| | Benjamin L. Wallen (TX Bar No. 24102623) |
| | Theodore S. Heckel (TX Bar No. 24133488) |
| | 700 Louisiana Street, Suite 4500 |
| | Houston, TX 77002 |
| | Telephone: (713) 691-9385 |
| | Facsimile:  (713) 691-9407 |
| | Email:   mlitvak@pszjlaw.com |
| |          bwallen@pszjlaw.com |
| |          theckel@pszjlaw.com |
| | *Co-Counsel to the Cineworld Litigation Trust* |

**CERTIFICATE OF SERVICE**

I certify that on October 31, 2025, I caused a copy of the foregoing document to be served by the CM/ECF Notification System for the United States Bankruptcy Court for the Southern District of Texas and via first class mail on the Claimant.

*/s/ Benjamin L. Wallen*
Benjamin L. Wallen

4928-1421-1958.1 14220.004

4